EASTERN RAILWAY AND LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13950.   Promulgated May 26, 1949.

*Thomas N. Fowler, Esq.*, and *C. L. Stone, C. P. A.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: The issue in this proceeding is whether petitioner is subject to tax under section 102 of the Internal Revenue Code [1] for the calendar year 1943.

Respondent did not determine and he does not contend that petitioner was "formed" for the purpose of avoiding surtax upon shareholders. He did determine and he does contend that petitioner was "availed of" for that purpose. The respondent determined and contends that during the taxable year in question petitioner permitted its earnings or profits "to accumulate beyond the reasonable needs of the business," as that phrase is used in section 102 (c). Under section 102 (c), if petitioner's earnings or profits were permitted "to accumulate beyond the reasonable needs of the business," such fact is determinative of the purpose to avoid the imposition of the surtax upon the shareholders, unless the petitioner, by a clear preponderance of the evidence, proves to the contrary. See *Whitney Chain & Manufacturing Co.*, 3 T. C. 1109; affd., 149 Fed. (2d) 936.

The determination of whether petitioner, during the taxable year in question, permitted its earnings or profits "to accumulate beyond the reasonable needs of the business" or whether petitioner was "availed of" for the prohibited purpose is a question of fact to be determined from all of the evidence. *Helvering* v. *National Grocery Co.*, 304 U. S. 282; *Helvering* v. *Chicago Stockyards Co.*, 318 U. S. 693; *Stanton Corporation*, 44 B. T. A. 56; affd., 138 Fed. (2d) 512; *Cecil B. deMille*, 31 B. T. A. 1161; affd., 90 Fed. (2d) 12; certiorari denied, 302 U. S. 713.

We think the evidence here supports respondent's determination. Upon the evidence herein we have found as an ultimate fact that during the taxable year in question petitioner permitted its earnings or profits "to accumulate beyond the reasonable needs of the business" and that it was "availed of" for the purpose of avoiding surtax upon its shareholders. Several circumstances tend to confirm the correctness of the respondent's determination. Petitioner at the beginning

---

[1] SEC. 102. SURTAX ON CORPORATIONS IMPROPERLY ACCUMULATING SURPLUS.

(a) IMPOSITION OF TAX.—There shall be levied, collected, and paid for each taxable year (in addition to other taxes imposed by this chapter) upon the net income of every corporation (other than a personal holding company as defined in section 501 or a foreign personal holding company as defined in Supplement P) if such corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders or the shareholders of any other corporation, through the medium of permitting earnings or profits to accumulate instead of being divided or distributed, a surtax equal to the sum of the following : * * *

(b) PRIMA FACIE EVIDENCE.—The fact that any corporation is a mere holding or investment company shall be prima facie evidence of a purpose to avoid surtax upon shareholders.

(c) EVIDENCE DETERMINATIVE OF PURPOSE.—The fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax upon shareholders unless the corporation by the clear preponderance of the evidence shall prove to the contrary.

of the taxable year 1943 had cash on hand in the amount of $126,747.85 and at the end of the taxable year it had cash on hand in the amount of $206,411.77. At the beginning of the taxable year 1943 petitioner had quick assets of $156,929.84 and current liabilities of $66,085.08, or a net working capital of $90,844.76. At the end of the taxable year 1943 petitioner had quick assets of $334,008.81 and current liabilities of $82,129.64, or a net working capital of $251,879.17. At the beginning of the taxable year 1943 petitioner had a surplus of $115,497.69 and at the end of the year it had a surplus of $172,185.19, or an increase of $56,687.50. During the taxable year 1943 petitioner paid no dividends.

It should be borne in mind that petitioner was not an operating company. The facts show that the petitioner had been inactive since 1939. In August 1940 Agnew, who was one of the petitioner's principal stockholders, entered into an agreement with petitioner whereby he agreed to take over and operate as an individual the contracts that petitioner had on certain timber properties. In 1941 he rented petitioner's mill and equipment and in February 1942 he purchased all of its timber property. Under the arrangement for lease of the mill, Agnew was required to put it in operating condition and to maintain it. By the end of 1943, therefore, petitioner had no activity except holding the property and collecting the income therefrom. It would appear, therefore, that there was no need for petitioner to accumulate any part of the earnings in 1943 for the purpose of financing the business. Certainly a net working capital of $251,879.17 and a surplus of $172,185.19 at the close of the year 1943 were beyond anything needed to carry on its limited business activities.

It also appears that petitioner's earnings were being used by Agnew for his personal operations. The facts show that Agnew purchased petitioner's timber under an arrangement whereby he paid for same as it was logged at the OPA ceiling prices. As he cut the timber he became indebted to petitioner and, instead of paying over the amounts due, he used the funds to purchase additional timber for his own account. He thus used earnings and profits due the petitioner in the development of his own lumber business as he might have used them if distributed to him as dividends, since at the end of 1943 he was practically the sole stockholder.

Petitioner claims that its accumulations of earnings and profits were needed, as it planned to reenter the logging and lumber business in Oregon. It maintains that $1,500,000 would have been required for that purpose. Agnew testified that the timber properties which he purchased in Oregon were purchased for the future needs of the petitioner and that petitioner planned to move its mill machinery and equipment to Oregon when the timber properties which he owned in

Washington were cut, which he estimated would be in about two years from the date of the hearing in this proceeding. Notwithstanding this claim, it is our opinion that no showing has been made of any immediate or reasonably immediate need for accumulating petitioner's earnings and profits in 1943. Cf. *McCutchin Drilling Co.* v. *Commissioner*, 143 Fed. (2d) 480; *Wilson Bros. & Co.* v. *Commissioner*, 124 Fed. (2d) 606. In the latter case the court said, in affirming our decision:

* * * Petitioner contends that the evidence fails to support these findings. It says that the accumulation of gains and profits was needed for future expansion, that it was its intention always to reengage in business on a scale comparable with that previously carried on by the partnership; and that about $1,500,000 would be required for this purpose. However, on the showing made, the Board was not obliged to conclude that there was any immediate need for conserving profits. And it is plain that the corporation was used by the brothers largely as a family pocketbook.

While Agnew testified that the timber properties which were purchased in Oregon were acquired for the account of petitioner, nevertheless, they were purchased in his name, rather than in that of petitioner, and the record fails to disclose any obligation on his part to convey these properties to petitioner, and he was thus free to change his mind and cut this timber for his own account.

Upon all the evidence herein, we think that petitioner permitted its earnings or profits to accumulate beyond the reasonable needs of its business and that it was availed of for the purpose condemned in the statute. We hold, therefore, that petitioner is subject to tax under section 102 of the code. See *McCutchin Drilling Co.* v. *Commissioner*, *supra; Wilson Bros. & Co.* v. *Commissioner*, *supra; Helvering* v. *National Grocery Co.*, *supra; Whitney Chain & Manufacturing Co.* v. *Commissioner*, *supra.*

*Decision will be entered for the respondent.*