Eastern Railway and Lumber Company v. Commissioner.
Eastern Ry. & Lumber Co. v. Commissioner
Docket Nos. 31262, 33423.
United States Tax Court
1952 Tax Ct. Memo LEXIS 292; 11 T.C.M. (CCH) 229; T.C.M. (RIA) 52069; March 14, 1952
Thomas J. Hanify, Esq., for the petitioner. J. O. Durkan, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax of $9,451.54 for 1945, $7,743.35 for 1946, $17,803.74 for 1947, and $83,669.94 for 1948. The only issue is whether the Commissioner erred in holding that the petitioner was taxable each year under section 102. Findings of Fact The returns of the petitioner for the taxable years were filed with the collector of internal revenue for the district of Washington. The petitioner declared dividends of $229,740 in 1949, of which $225,960 was credited to Agnew's accounts, reducing his indebtedness to the petitioner. One of the reasons for declaring those dividends was that Agnew had a loss in that year to offset this income. The *293 findings of fact in Eastern Railway and Lumber Co., 12 T.C. 869, are incorporated herein by this reference. The facts stipulated by the parties are incorporated herein by this reference. The earnings and profits of the petitioner were permitted to accumulate beyond the reasonable needs of its business during each of the years 1945 through 1948 and the petitioner was availed of during each of those years for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its earnings or profits to accumulate instead of being divided or distributed. Opinion MURDOCK, Judge: The Commissioner has determined that the petitioner is taxable under section 102 for each of the years 1943 through 1948. The petitioner unsuccessfully contested that determination for 1943. See 12 T.C. 869. It did not contest the determination for 1944 but here contests the determination for 1945 through 1948. The evidence as it relates to the years 1945 through 1948 is no more favorable to the petitioner than that which was before us for 1943 but, on the contrary, is less favorable in a number of important aspects. For example, the indebtedness *294 due from Agnew and from the partnership in which he owned a 70 per cent interest and the accumulated earnings of the petitioner increased substantially. The accumulated earnings became even more in excess of the reasonable needs of the business. No dividends were declared during the years 1945 through 1948. Dividends were declared in 1949 and Agnew's share was credited to his account thus reducing his indebtedness to that extent, but one of the reasons for declaring those dividends was that Agnew had sustained income tax losses against which he could offset the income from the dividends. The reason for that action tends to support the Commissioner's determination that the earnings of the petitioner for 1945 through 1948 were accumulated to avoid surtaxes on Agnew, the principal stockholder. For further discussion see the opinion at 12 T.C. 869. Section 102(d)(1)(D) as added by section 315 of the Revenue Act of 1951 is not retroactive and does not apply in this case. Our conclusion is that the petitioner was availed of during each of the years 1945 through 1948 for the purpose of preventing the imposition of the surtax upon its stockholders through the medium of permitting *295 earnings or profits to accumulate instead of being divided or distributed. Decisions will be entered for the respondent.